**In re UNDERGROUND UTILITIES CONSTRUCTION CO. INC., Debtor.**

**Bankruptcy No. 80–00326–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

Nov. 30, 1981.

Martin Sandler, Miami, Fla., Paul Thibadeau, Palm Beach, Fla., for debtor.

Daniel L. Bakst, West Palm Beach, Fla., for Creditors Committee.

Joel Aresty, Miami, Fla., for AmeriFirst S&L.

Ira F. Gropper, Miami, Fla., for I. R. S.

R. L. Russell, Orlando, Fla., for Adams Construction Co., creditor.

## ORDER VACATING ORDER DENYING CONFIRMATION AND RESERVING RULING ON CONVERSION

THOMAS C. BRITTON, Bankruptcy Judge.

Confirmation of this debtor's amended plan (C. P. No. 79) dated February 27, 1981, but filed March 2, was denied on October 5, 1981. (C. P. No. 134) That same order set a hearing on November 3 to consider conversion to chapter 7.

On October 14, the debtor moved for reconsideration of the order denying confirmation. (C. P. No. 139). The motion was heard on November 3.

Confirmation was denied, first, because:

"The debtor's report reflects that there was no acceptance for Classes 3, 4, 5 and 6.

"It has not been urged nor can I find on this record that these four classes are not impaired under the plan."

Indeed, Article II, of the plan identifies only Class 9 as being unimpaired. However, the debtor's belated motion points out that each of these four classes contain only one creditor and that the rights and remedies of three of these creditors had already been fixed by this court's orders in separate proceedings in this voluminous case. For Class 3, see the Order of June 23, 1981. (C. P. No. 117). For Class 6, see the Order of October 16, 1980. (Adv. No. 80–0252A, C.P. No. 20). For Class 7, see the Order of February 6, 1981. (C. P. No. 69).

The sole creditor in Class 5, by letter dated October 22, 1981, accepted the plan and filed an amended claim to conform to the plan. Although, this acceptance was received over 4 months late, it is apparent that the plan does not impair the rights of this creditor.

The second basis for denial of confirmation was a series of circumstances which "make it impossible for me to find now that this plan is feasible."

Since that finding, the debtor has finally funded its plan. The debtor has also filed all but one of the required cashflow reports. The creditors' committee has withdrawn its requests for conversion and the appointment of a trustee.

Under the foregoing circumstances, and recognizing that denial of confirmation would serve only to further weaken the creditors' prospects of recovery from this debtor, the order of October 5, 1981 (C. P. No. 134) insofar as it denied confirmation is vacated. By a separate order, the debtor's amended plan is being confirmed. Daniel L. Bakst, attorney for the creditors' committee is appointed disbursing agent. Bond is waived. The debtor and its attorney are ordered forthwith to transfer to the disbursing agent the funds on deposit for the purpose of funding this plan.

The disbursing agent is authorized to proceed forthwith with distribution and consummation of the plan. In the event that the sums deposited and made available by the debtor in consummation of the plan prove insufficient, the disbursing agent is authorized and directed to withhold payment to the debtor's co-counsel pro-rata in such amount as is necessary to effect all other immediate distribution called for by the plan, the withheld payments to be collected from the debtor.

The disbursing agent is directed to advise this court at once of any delay or failure on the part of the debtor to comply with the steps necessary to close this case. In this connection, jurisdiction is expressly retained to consider dismissal or conversion.